UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLAH©,<br><br>                    Plaintiff,<br><br>      v.<br><br>BARBARA CHRISTENSEN,  SCOTT WEBER,  MICHAEL J. KILLIAN, BARBARA MINER, KEVIN STOCK, SONYA KRASKI, TIM FITZGERALD, KATHY MARTIN, JANELLE RIDDLE, LINDA ENLOW, GINGER BROOKS, CHERYL BROWN, and DAVE PETERSON,<br><br>                    Defendants. | 4:16-cv-05128-SAB<br><br>**ORDER DENYING MOTION TO RECUSE AND DISMISSING COMPLAINT AS FRIVOLOUS** |

Plaintiff, a prisoner at the Washington State Penitentiary, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  By separate Order the Court granted Plaintiff leave to proceed *in forma pauperis.* Plaintiff is the only signatory to the complaint. He seeks his release and fifty billion dollars in monetary damages.

//

//

**ORDER DENYING MOTION TO RECUSE AND DISMISSING COMPLAINT AS FRIVOLOUS -- 1**

**MOTION TO RECUSE**

Plaintiff has also filed a 66 page "Affidavit of Prejudice/Motion to Recuse" pursuant to 28 U.S.C. §§ 144 and 455, ECF No. 7.   The Court, having reviewed the Motion and Affidavit, and the record of this case, **denies** the Motion for the following reasons.

"The standard for recusal under 28 U.S.C. §§ 144 [&] 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). "It is well settled that a motion for recusal under 28 U.S.C. § 144 or § 455 must be based upon prejudice from an extra-judicial source." *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988). "[A] judge's prior adverse ruling," which is not extra-judicial, "is not sufficient cause for recusal." *Studley*, 783 F.2d at 940. The "challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." *Id.*

Under § 144, the judge must transfer the motion to another judge for consideration if the affidavit is legally sufficient. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). However, if the affidavit is legally insufficient, the subject judge may decide it. *Id.*

Plaintiff's § 144 motion fails because, as a *pro se* litigant, Plaintiff is incapable of filing a certificate of good faith by counsel of record as the statute requires. *See, e.g.*, *Morrison v. United States*, 432 F.2d 1227 (5th Cir. 1970). Indeed, the *pro se* are incapable as a matter of law of pursuing recusal under § 144 because the statute requires a certificate by *counsel of record*. *Davis-Rice v. United States*, No. C 11-3203, 2011 WL 4984062, at *1 (N.D. Cal. Oct. 19, 2011) (concluding that an affidavit is insufficient when facts all derive from judicial source); *United States v. Bennett*, No. SACR 03-25 AHS, 2008 WL 2025074, at *2 (C.D. Cal. May 5, 2008). The purpose of this requirement is to protect the justice

**ORDER DENYING MOTION TO RECUSE AND DISMISSING COMPLAINT AS FRIVOLOUS -- 2**

system from frivolous recusals and assure that practicing attorneys have a stake in motions to recuse. *Davis-Rice*, 2011 WL 4984062, at *1.

Plaintiff is not admitted to any court and is not counsel of record. Because there is no good faith certificate signed by counsel of record, the affidavit is legally insufficient, and the § 144 motion fails as a matter of law.  Even if a *pro se* litigant was allowed to file such a certificate, the affidavit in question is legally insufficient because Plaintiff has alleged no extra-judicial source of prejudice, and the § 144 motion would fail for the same reasons that the § 455 motion below fails.

Recusal under Section 455(b)(1) is required only if actual bias or prejudice is proved by compelling evidence. *Aichele v. City of L.A.*, No. 2:12-cv-10863-DMG (FFMx), 2013 WL 2445195, at *1 (C.D. Cal. June 5, 2013).  The basis for prejudice must come from an extra-judicial source; it is legally insufficient that allegations be based on knowledge gained from the case. *United States v. Grinnell Corp.*, 384 U.S. 563 (1966). Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [Rulings] cannot possibly show reliance upon an extrajudicial source . . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff's allegations of bias stem from the Court's rulings and orders in prior cases. There is no extra-judicial source of conduct upon which to base the recusal. *See* Affidavit of Prejudice, ECF No. 7 at 1:33-2:36 ("Allah© has continually been denied relief from these Actors in Black Robes, who are not bonded, and are not bound to uphold any law, because of the Bankruptcy of the United State corporation.").

//

**ORDER DENYING MOTION TO RECUSE AND DISMISSING COMPLAINT AS FRIVOLOUS -- 3**

1    The judicial conduct cited by Plaintiff, including his exclusion from another

2  lawsuit, *Farris et al v. Franklin County, et al.,* 4:14-cv-05083-SAB, the dismissal

3  of an action for failure to pay the filing fee, *Allah v. Spanner et al.*, 4:15-cv-05077-

4  SAB, and the dismissal of a habeas action, *Allah v. Holbrook*, 4:16-cv-0545-SAB,

5  does not reach the "deep-seated favoritism or antagonism" necessary for a finding

6  of bias. *Liteky*, 510 U.S. at 555.  Therefore, no reasonable third-party observer

7  could conclude that the Court has exhibited an improper bias.  Accordingly,

8  Plaintiff's motion, ECF No. 7, is **DENIED.**

9

10    **PRISON LITIGATION REFORM ACT**

11    Under the Prison Litigation Reform Act of 1995, the Court is required to

12  screen complaints brought by prisoners seeking relief against a governmental

13  entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

14  Court must dismiss a complaint or portion thereof if the prisoner has raised claims

15  that are legally "frivolous or malicious," that fail to state a claim upon which relief

16  may be granted, or that seek monetary relief from a defendant who is immune from

17  such relief.  28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *see Barren v.*

18  *Harrington*, 152 F.3d 1193, 1194-1195 (9th Cir. 1998).

19    A claim is legally frivolous when it lacks an arguable basis either in law or

20  in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on*

21  *other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en

22  banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The Court

23  may, therefore, dismiss a claim as frivolous where it is based on an indisputably

24  meritless legal theory or where the factual contentions are clearly baseless.

25  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim,

26  however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v.*

27  *Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other*

28  *grounds as stated in Lopez*, 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

**ORDER DENYING MOTION TO RECUSE AND DISMISSING
COMPLAINT AS FRIVOLOUS -- 4**

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. On the basis of these standards, Plaintiff's present allegations fail to state a claim upon which relief may be granted.

## USE OF TERM "ET AL."

Plaintiff is using the abbreviation "et al." inappropriately. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff must name all defendants in his complaint (an amended complaint supersedes the initial complaint). *Id.* Failing to name all defendants in his complaint denies the court jurisdiction over the unnamed defendants. Fed. R. Civ. P. 10(a), *accord United States of America v. Tucson Mechanical Contracting Inc.*, 921 F.2d 911, 914 (9th Cir. 1990). Plaintiff must be careful to list only those defendants in the caption of his complaint who are the subject of his claims.

## CLASS ACTION

Plaintiff purports to bring this action as a class action. As a *pro se* plaintiff, however, he cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4). *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curium) (plain error to permit imprisoned litigant, unassisted by counsel, to represent fellow inmates in a class action). Although a nonattorney may appear *pro* se on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Also, "[e]very court that has considered the issue has held

**ORDER DENYING MOTION TO RECUSE AND DISMISSING COMPLAINT AS FRIVOLOUS -- 5**

1 | that a prisoner proceeding *pro se* is inadequate to represent the interests of his
2 | fellow inmates in a class action." *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J.
3 | 1992) *aff'd without op.*, 995 F.2d 216 (3rd Cir. 1993).  Plaintiff is not qualified to
4 | pursue claims on behalf of other inmates or to protect their interests.  Therefore,
5 | Plaintiff's request to certify a plaintiff class is **DENIED**. The Court shall disregard
6 | the superfluous *in forma pauperis* applications received on October 25, 2016.
7 |
8 | **SECTION 1983**
9 | Section 1983 requires a claimant to prove (1) a person acting under color of
10 | state law (2) committed an act that deprived the claimant of some right, privilege,
11 | or immunity protected by the Constitution or laws of the United States.  *Leer v.*
12 | *Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).   A person deprives another "of a
13 | constitutional right, within the meaning of section 1983, if he does an affirmative
14 | act, participates in another's affirmative acts, or omits to perform an act which he is
15 | legally required to do that "causes" the deprivation of which [the plaintiff
16 | complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991)
17 | (brackets in the original), *abrogated in part on other grounds*,  *Farmer v. Brennan*,
18 | 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).
19 | A complaint must set forth the specific facts upon which the plaintiff relies
20 | in claiming the liability of each defendant. *Ivey v. Board of Regents*, 673 F.2d 266,
21 | 268 (9th Cir. 1982).  Even a liberal interpretation of a civil rights complaint may
22 | not supply essential elements of a claim that the plaintiff failed to plead. *Id.*  To
23 | establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating
24 | how each defendant caused or personally participated in causing a deprivation of
25 | plaintiff's protected rights.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981);
26 | *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
27 | //
28 | //

**ORDER DENYING MOTION TO RECUSE AND DISMISSING
COMPLAINT AS FRIVOLOUS --** 6

**PLAINTIFF'S ALLEGATIONS**

Plaintiff names 13 County Clerks in the caption of his complaint.  In the body of his complaint also identifies a U.S. District Court Clerk.  The Court notes the spelling of this individual's name is improper and the job title is inaccurate.

Regardless, liberally construing the Complaint in the light most favorable to Plaintiff, the Court finds his assertions of dereliction of duty in the alleged failure to collect fees to be frivolous.  Apparently, Plaintiff is advancing the argument that the issuance of a criminal warrant, without the payment of a civil filing fee violates the Fourth, Fifth, Eighth and Thirteenth Amendments.

Plaintiff's citation to *State ex rel. Hamilton v. Ayer*, 194 Wash. 165 (1938), in support of his argument, is misplaced. In that case, the Washington Court determined: "Rem. Rev. Stat. § 491, expressly places the State in the same position as private litigants in so far as its liability for costs and filing fees payable to the clerk of the superior court is concerned, except as otherwise provided by statute." *Id. at* 168.  That action was a civil action. *See Thurston Cty. v. Gorton,* 85 Wn.2d 133, 135, 530 P.2d 309, 311 (1975).

Plaintiff provides no authority stating that a State is required to pay a filing fee in a criminal matter.  His assertions are without merit and warrant no further consideration. *See Neitzke*, 490 U.S. at 327.


Accordingly, **IT IS ORDERED THAT:**

1. This action is **DISMISSED with prejudice** as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

2. Pursuant to 28 U.S.C. § 1915(g), a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the statutory provisions under 28**

ORDER DENYING MOTION TO RECUSE AND DISMISSING
COMPLAINT AS FRIVOLOUS -- 7

1 **U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the**

2 **three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his**

3 **ability to file future claims.**

4       **IT IS SO ORDERED**.  The District Court Executive is directed to enter this

5 Order, enter judgment, forward copies to Plaintiff at his last known address, and

6 **CLOSE** the file.  The District Court Executive is further directed to forward a

7 copy of this Order to the Office of the Attorney General of Washington,

8 Corrections Division.  The Court certifies any appeal of this dismissal would not

9 be taken in good faith.

10       **DATED** this 13th day of December, 2016.

11

12

13

14

15 

16

17                  Stanley A. Bastian

             United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTION TO RECUSE AND DISMISSING COMPLAINT AS FRIVOLOUS -- 8**